IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAUSHIK PATEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CENTRAL BANK CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff KAUSHIK PATEL ("Patel" or "Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant CENTRAL BANK CORPORATION ("CENTRAL BANK" or "Defendant"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C § 2000e-5(f).

2.

1

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff KAUSHIK PATEL is subject to the jurisdiction of this Court.

4.

Defendant at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Joel Haber, 2365 Wall Street, Suite 120, Conyers, GA. 30013.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

Plaintiff began his employment with Defendant on or around Januray 6, 2020.

8.

At the time of Plaintiff's termination on or around June 15, 2020, he was in the same position as when he was hired.

9.

Prior to being hired, Plaintiff was diagnosed with a disability, as that term has been defined by the ADA. In particular, Plaintiff severly injured in his back.

10.

In or around January 6, 2019, Plaintiff verbally informed Scott, his direct manager at Central Bank and Nilesh, the vice chairman at Central Bank, of Plaintiff's disabilities.

11.

Plaintiff was allowed to work from home due to his disability.

12.

At all times relevant, Defendant had knowledge of Plaintiff's disabilities.

13.

On or around end of April 2020, Plaintiff informed Scott and Nilesh that he needed an additional surgery due to an infection from the previous surgery on his back.

14.

Plaintiff submitted a request for medical leave to have the surgery and that he would return to work on June 22, 2020.

15.

Scott told Plaintiff that his request had been sent to a committee.

16.

Plaintiff did not receive any further information regarding the status of his request.

17.

On June 15, 2020, Plaintiff was terminated.

18.

Defendant refused to accommodate Plaintiff's disability and it would not have caused an undue burden for Defendant to provide Plaintiff an accommodation. Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on Plaintiff's disability, and retaliation for Plaintiff engaging in protected activity.

19.

At all times relevant, Plaintiff has suffered from disabilities, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

20.

Defendant terminated Plaintiff's employment because of his disabilities, perceived disability, need for an accommodation, and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for his disabilities.

COUNTS I & II

VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

(ADA DISCRIMINATION AND RETALIATION)

21.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

22.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

23.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

24.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

25.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

26.

Plaintiff's disabilities and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

27.

At all times relevant, Plaintiff could perform the essential functions of his position with, or without a reasonable accommodation.

28.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

29.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disabilities, and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

30.

In terminating Plaintiff after he sought a reasonable accommodation of time off, Defendant retaliated against Plaintiff in violation of the ADA.

31.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

32.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

WHEREFORE, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof,

and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

This 23rd day of November, 2020.

**BARRETT & FARAHANY**

<u>s/ Michael S. Wilensky</u>
Michael S. Wilensky
Georgia Bar No. 321055
Attorney for Plaintiff

1100 Peachtree Street, N.E.
Suite 500 Atlanta, GA 30309
(404) 537-4161
Michael@JusticeAtWork.com